IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

OZELIA HICKS, JR.,

    Plaintiff,

v.                                                           Civil Action No. 3:17CV287

EDWARD DAVIS,

    Defendant.

MEMORANDUM OPINION

Ozelia Hicks, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The matter is proceeding on Hicks's Particularized Complaint ("Complaint," ECF No. 16).[1]

I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by an individual proceeding *in forma pauperis* if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to this document and its attachments.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must

"allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

Following a jury trial, Hicks was found guilty in the Circuit Court of Chesterfield County of obtaining money by false pretenses. *See Hicks v. Clarke*, No. 3:15CV123, 2016 WL 901265, at *1 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 667 F. App'x 796 (4th Cir. 2016). By Memorandum Opinion and Order entered on March 3, 2016, the Court dismissed a 28 U.S.C. § 2254 petition with respect to the above conviction. *Id.* at *9.

Following his conviction, Hicks filed a complaint with the Virginia State Police asserting that the prosecutor at his trial, Laura S. Khawaja, had suborned perjury. (Compl. 2.) On June 25, 2015, the Virginia State Police responded that it would not take any action on the matter because the matter already had been addressed by Hicks's prior complaint to the Virginia State Bar regarding Khawaja's alleged misconduct. (*Id.*) Edward L. Davis, counsel with the Virginia State Bar, had handled Hicks's complaint to the Virginia State Bar. (*Id.* at 2–3.)

In his § 1983 action, Hicks names Davis as the sole defendant. Hicks contends that Davis, in failing to rule favorably upon Hicks's bar complaint, altered Hicks's trial transcripts and otherwise "perpetuated false evidence." (*Id.* at 3 (citations omitted).)

## III. ANALYSIS

### A. Federal Claims

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (emphasis added) (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md.), *aff'd* 451 F.2d 1011 (4th Cir. 1971)).

It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Hicks's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Although given ample opportunity to do so, Hicks fails to explain how Davis's actions violated Hicks's constitutional rights. To the extent that Hicks contends that Davis undermined Hicks's ability to pursue criminal charges against Khawaja, Hicks as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted) ("No citizen has an enforceable right to institute a criminal

prosecution."). Accordingly, Hicks's constitutional claims will be DISMISSED WITH PREJUDICE for failure to state a claim and as legally and factually frivolous.

### B. State Law Claims

Generally, supplementary state law claims should be dismissed if the federal claims are dismissed before trial. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In light of the preliminary dismissal of Hicks's federal claims and the insubstantial nature of those federal claims, the Court declines to exercise its discretion to retain Hicks's claim for a violation of his rights under state law. *See Jenkins v. Weatherholtz*, 909 F.2d 105, 110 (4th Cir. 1990). Accordingly, Hicks's state law claims will be DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION

For the foregoing reasons, Hicks's constitutional claims will be DISMISSED WITH PREJUDICE for failure to state a claim and as factually and legally frivolous. Hicks's state law claims will be DISMISSED WITHOUT PREJUDICE. The Motion for the Appointment of Counsel (ECF No. 17) will be DENIED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 4/24/18
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

5